UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-00434 JAK (MRWx) | Date | March 21, 2022 |
| Title | Nancy Fried v. Thomas P. Schmalzried, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| T. Jackson-Terrell | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS MEDICAL DEVICE BUSINESS SERVICES, INC., FORMERLY KNOWN AS DEPUY ORTHOPAEDICS, INC. ("DEPUY"); DEPUY SYNTHES SALES, INC. ("DSS"); JOHNSON & JOHNSON; AND JOHNSON & JOHNSON SERVICES, INC.'S MOTION TO STAY CASE (DKT. 14); AND

PLAINTIFF'S MOTION TO REMAND CASE (DKT. 15)

**I.     Introduction**

On November 9, 2021, Nancy Fried ("Fried" or "Plaintiff") brought this action in the Los Angeles Superior Court, against the following defendants: Thomas P. Schmalzried, Thomas P. Schmalzried, M.D., a professional corporation (collectively, "Schmalzried"); Pinnacle West Orthopaedics ("PWO"); Gregory T. Switzer ("Switzer"); Golden State Orthopaedics, Inc. ("GSO"); and Bradford LaPoint ("LaPoint").[1] Ex. A, Dkt. 15-2 at 4-27. On November 22, 2021, Plaintiff filed a First Amended Complaint ("FAC"), which is the operative one, in which four other defendants were added: Medical Device Business Services, Inc., formerly known as DePuy Orthopaedics, Inc. ("DePuy"); DePuy Synthes Sales, Inc. ("DSS"); Johnson & Johnson; and Johnson & Johnson Services, Inc.[2] Ex. 4, Dkt. 1-4 at 13, ¶¶ 5-41. The FAC advances the following six state-law causes of action arising from an allegedly defective hip implant system, the Pinnacle Hip System implant ("Pinnacle Implant"), that caused injury to Plaintiff: (1) strict product liability; (2) negligence; (3) fraud; (4) negligent misrepresentation; (5) breach of implied warranty; and (6) breach of express warranty. *Id.* at 12, ¶¶ 101-145. On January 20, 2022, the Removing Defendants removed the action based on diversity jurisdiction. Dkt. 1.

On January 31, 2022, the Removing Defendants filed a motion to stay the action, on the ground that this case will likely be transferred to a related multi-district litigation proceeding in the Northern District of Texas. Dkt. 14 ("Motion to Stay"). On February 9, 2022, Plaintiff filed an opposition. Dkt. 18. On February 28, 2022, the Removing Defendants filed a reply. Dkt 27.

---

[1] PWO, Switzer, GSO and LaPoint are referred to collectively as the "Distributor Defendants."
[2] DePuy, DSS, Johnson & Johnson and Johnson & Johnson Services, Inc. are referred to collectively as the "Removing Defendants." All defendants are referred to collectively as "Defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-00434 JAK (MRWx) | Date | March 21, 2022 |
|---|---|---|---|
| Title | Nancy Fried v. Thomas P. Schmalzried, et al. | | |

On February 2, 2022, Plaintiff filed a motion to remand, arguing that there is no diversity jurisdiction because Defendants' claim of fraudulent joinder as to the non-diverse Defendants is incorrect. Dkt. 15 ("Motion to Remand"). On February 22, the Removing Defendants filed an opposition. Dkt. 24. On February 28, 2022, Plaintiff filed a reply. Dkt 26.

A hearing on the Motions was held on March 7, 2021, and they were taken under submission. Dkt. 35. For the reasons stated in this Order, the Motion to Stay is **GRANTED** and the Motion to Remand is deferred because it will become part of the proceedings in MDL 2244 in the Northern District of Texas.

**II.    Factual Background**

    A.    Allegations in the FAC

The FAC alleges that Plaintiff had a surgery in 2009 in California in which the Pinnacle Implant was implanted. Dkt. 1-4 ¶¶ 4, 89. It also alleges that the implant remained in place for approximately 12 years, and that she then had revision surgery in early 2021, due to an alleged defect in the device that resulted in physical injury and pain and suffering. *Id.* at 93.

The FAC alleges that Defendants designed, manufactured, promoted, marketed and sold the Pinnacle Implant. *Id.* ¶ 107. The FAC alleges that the Pinnacle Implant was defective and unreasonably dangerous at the time it was placed in the stream of commerce, and that it was insufficiently tested and was not presented with adequate instructions or warnings to inform Plaintiff or her physicians of the associated risks of its use. *Id.* It is alleged that Defendants knew or should have known of the danger associated with use of the device, but continued to sell the product in conscious or negligent disregard for the rights and safety of patients. *Id.* ¶¶ 108, 115.

    B.    The Pinnacle MDL

On May 23, 2011, the Judicial Panel on Multidistrict Litigation ("JPML") created MDL 2244 (the "MDL") in the Northern District of Texas (the "MDL Court") to coordinate all federal cases sharing "factual questions as to whether DePuy's Pinnacle Acetabular Cup System, a device used in hip replacement surgery, was defectively designed and/or manufactured, and whether defendants failed to provide adequate warnings concerning the device." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011).

On August 14, 2012, the MDL court issued a standing Order Regarding Cases Removed from State Court. It provides that cases transferred to the MDL with motions for remand pending will be stayed until those motions are addressed. Ex. 1, Dkt. 18-1 at 4. In the opposition to the Motion to Stay, Plaintiff argues that her counsel is involved in several other Pinnacle Implant cases that have been transferred to the MDL, the earliest of which was docketed in the MDL on June 8, 2021. Dkt. 18 at 7. The opposition states that, to date, none of the motions to remand in those cases has been addressed by the MDL Court. *Id.*

On February 4, 2022, this case was conditionally transferred to the MDL. *See* Ex. 3, Dkt. 24-1 at 19 (Conditional Transfer Order).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-00434 JAK (MRWx) | Date | March 21, 2022 |
|---|---|---|---|
| Title | Nancy Fried v. Thomas P. Schmalzried, et al. | | |

      C.      The Notice of Removal (Dkt. 1)

In the Notice of Removal, the removing Defendants contend that there is diversity jurisdiction in this action because the citizenship of Schmalzried and the Distributor Defendants, i.e., the non-diverse defendants, should be disregarded. Dkt. 1 ¶¶ 19-21. The removing Defendants argue that the joinder of those Defendants was fraudulent. *Id.* ¶ 20. The removing Defendants argue that there is no reasonable possibility that the state law claims against Schmalzried or the Distributor Defendants will succeed because they are preempted by FDA regulations. *Id.* ¶ 22. Relying on *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013), they argue that state law claims based on failure-to-warn and product-design theories are preempted when brought against non-manufacturers of an FDA-approved product. *Id.* ¶ 23.

**III.**    **Analysis**

      A.      Legal Standards

A district court has the ability to order a stay of its judicial proceedings pending reexamination. This authority is part of its "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." *Landis*, 299 U.S. at 255.

"[A] district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citing Manual For Complex Litigation, Third, at 252 (1995)). "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Id.* However, "[o]ften, deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d. 1049, 1053 (N.D. Cal. 2004).

      B.      Application

The Removing Defendants argue that the case should be stayed to permit its transfer to the MDL, where the Motion to Remand can be considered. Plaintiff argues that the Motion to Remand should be decided by this Court before the Motion to Stay.

When determining whether to address a motion to remand before entering a stay in a case pending transfer to an MDL proceeding, courts generally consider two competing interests: (1) "uniformity, consistency, and predictability in litigation that underlies the MDL system" and (2) "the general rule that federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." *Guardado v. Highshaw*, No. EDCV 133-65 PSG (SPX), 2013 WL 12137105, at *2 (C.D. Cal. May 6, 2013) (internal quotation marks and citations omitted).

It is determined that granting a stay in this case promotes judicial economy. A stay pending an MDL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-00434 JAK (MRWx) | Date | March 21, 2022 |
|---|---|---|---|
| Title | Nancy Fried v. Thomas P. Schmalzried, et al. | | |

transfer order will avoid duplicative pretrial management proceedings and will avoid the risk of inconsistent rulings on similar, if not identical issues. At the hearing on the Motions, Plaintiff's counsel stated that it has seven other pending motions to remand in cases before the MDL Court where complete diversity is at issue. At least some of them present issues as to whether non-diverse defendants were fraudulently joined based on an application of federal preemption principles. Thus, there are several cases in which the MDL Court will consider a remand question that is either the same, or very similar to the one at issue here. Moreover, the fraudulent joinder issue that is the basis of removal relates to federal preemption questions that do not arise from California law. The MDL Court is well-positioned to address such issues. Indeed, that was a basis for creating the MDL proceedings. That those proceedings may be at a later stage does not change this analysis. Resolving the jurisdictional issue there will ensure consistency, and will not impose unexpected burdens on the MDL Court.

Plaintiff has failed to demonstrate that she will suffer prejudice as a result of the stay. Plaintiff argues that she will be subject to significant delay if this matter is transferred. However, at the hearing, Plaintiff's counsel stated that a recent status report issued by the MDL Court states that the motions currently pending there will be resolved within the next four months. Plaintiff has provided no reason why there will be prejudice as a result of that delay in the resolution of the issue of jurisdiction.

Other district courts in California have reached the same outcome. They have concluded that the interests of judicial economy favor staying the action pending its transfer to an MDL proceeding. *See, e.g.*, *Sanchez v. DePuy Orthopaedics Inc.*, No. 2:11-CV-07867-JHN-SHx, 2011 WL 7092289, at *2 (C.D. Cal. Nov. 21, 2011); *Lyon v. DePuy Orthopaedics, Inc.*, No. 19-CV-05270-PJH, 2019 WL 4933586, at *1 (N.D. Cal. Oct. 7, 2019).

IV.     **Conclusion**

For the reasons stated in this Order, the Motion to Stay is **GRANTED**. The Motion to Remand is deferred because it will become part of the proceedings in MDL 2244 in the Northern District of Texas.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | tj |